IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES OTIENO OPIYO,<br><br>     Plaintiff,<br>vs.<br><br>KELLERMEYER BERGENSON'S SERVICES LLC,<br><br>     Defendant. | NO.4:25-CV-00956-MJT-ZJH<br>ORDER |

ORDER DENYING APPOINTMENT OF COUNSEL

Pending before the court is Plaintiff James Opiyo's *Motion for Appointment of Counsel*. Doc. No. 2. In his motion, Opiyo claims he is unable to pay an attorney to represent him. Opiyo also wrote "N/A" in the space in which he was required to list two attorneys that have refused to represent him without payment.

Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *Patterson v. United States*, No. 3:23-CV-3-DPJ-ASH, 2025 WL 1943125, at *1 (S.D. Miss. Feb. 4, 2025) (collecting cases). One exception to this rule is if the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Exceptional circumstances include: (1) the type and complexity of the case; (2) the plaintiff's inability to adequately present his case; (3) the plaintiff's inability to adequately investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony as to require skill in the presentation of evidence and in cross-examination. *Id*. at 213. The court should also consider whether appointment of counsel will benefit the plaintiff, the court, and the defendants by "shortening the trial and assisting in just determination." *Murphy v. Kellar*, 950 F.2d 290, 293 n. 14 (5th Cir. 1992).

Opiyo has not shown that any exceptional circumstances exist for the appointment of counsel. It is therefore ORDERED that his *Motion for Appointment of Counsel* (Doc. No. 2) is DENIED.

SIGNED this 9th day of September, 2025.

Zack Hawthorn
United States Magistrate Judge